UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FLEMING,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 22-cv-05082-JST<br><br>**ORDER ADDRESSING CERTAIN PENDING MOTIONS**<br><br>Re: ECF Nos. 60, 63, 70, 75, 77, 80, 82 |

Plaintiff, an inmate housed at Federal Correctional Institution – Dublin ("FCI-Dublin"), has filed a *pro se* action. This omnibus order addresses the following pending motions: (1) Plaintiff's request for a preliminary injunction requiring Defendants to provide her with medical treatment and an expedited evidentiary hearing regarding her preliminary injunction request, ECF No. 60; (2) Plaintiff's request for a court order pursuant to the All Writs Act requiring Defendants to transfer Plaintiff to home confinement pursuant to the CARES Act, without input from the U.S. Attorney's Office in any district, and to allow Dr. Luis Chug to examine and provide treatment to Plaintiff, ECF No. 63, (3) Plaintiff's request to expedite the Court's ruling on ECF No. 60 based on her medical appointment, ECF No. 70, (4) Plaintiff's request for injunctive relief enjoining the United States Attorney's Office, the Federal Bureau of Prisons, and the Federal Bureau of Prison's Residential Reentry Management Office from being consulted regarding Plaintiff's transfer to home confinement, ECF No. 75, (5) Plaintiff's request that the Court order Defendants to serve her by email, ECF No. 77; (6) Defendants' request that they be relieved of response obligations, ECF No. 80; and (7) Plaintiff's request that any transfer away from FCI-Dublin be stayed, ECF No. 82.

/ / /

## I.     Plaintiff's Litigation History

Plaintiff is a frequent litigant. She files suits in the federal courts to address her concerns about inmate treatment in federal prisons and repeatedly attempts to secure her release from custody or to home confinement. Plaintiff's filings frequently fail to state cognizable claims. Plaintiff also frequently files cases or makes motions that request the same relief or raise the same claims she requested in prior cases and motions, which motions were denied or cases were dismissed by the courts in reasoned orders. As a result, Plaintiff has been denied leave to proceed *in forma pauperis* in at least three federal district courts (the Northern and Southern Districts of Texas, and the Northern District of Florida)[1] and has accumulated at least seven "strikes" within the meaning of 42 U.S.C. § 1915g.[2] Since 2000, per an unpublished disposition by the Fifth Circuit, Plaintiff is "barred from proceeding IFP in any civil action or appeal brought in a United States court unless she is under imminent danger of serious physical injury." *Fleming v. Ratliff*, 235 F.3d 1341 (5th Cir. 2000).

In this action, the Court granted Plaintiff leave to proceed *in forma pauperis* because the complaint adequately alleged that she was in imminent danger of serious physical injury. ECF No. 14. However, Plaintiff's litigation activity in this case appears to mirror her general litigation

---

[1] *See Fleming v. Hamilton*, C No. 4:22-CV-378-WS-MJF (N.D. Fla. Nov. 28, 2022); *Fleming v. Powers*, C No. 4:12-cv-452-A (N.D. Tex. Sept. 27, 2012); *Fleming v. Geo Group*, Inc., C No. H-09-2763 (S.D. Tex. Sept. 9, 2009).

[2] In *Fleming v. Hamilton*, the Northern District of Florida found that Plaintiff had accumulated at least these seven strikes:
- *Fleming v. United States of America*, No. 7:18-cv-4-O (N.D. Tex. Mar. 31, 2021) (dismissed case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii));
- *Fleming v. Geo Group Inc.*, No. 4:09-cv-02761 (S.D. Tex. Aug. 28, 2009) (dismissed case with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), (ii));
- *Fleming v. Williams*, W-97-CA-415 (W.D. Tex. Jan. 20, 2000) (dismissed case for failure to state a claim upon which relief can be granted);
- *Fleming v. Ratliff*, No. 6:97-405 (W.D. Tex. Apr. 14, 2000) (dismissed case as frivolous);
- *Fleming v. Nance*, No. 00-50079 (5th Cir. Aug. 24, 2000) (dismissed appeal as frivolous);
- *Fleming v. Ratliff*, No. 00-50342 (5th Cir. Oct. 18, 2000) (dismissed appeal as frivolous and prohibited Plaintiff from proceeding IFP in any civil action or appeal brought in a United States Court unless she is under imminent danger of serious physical injury); and
- *Fleming v. Williams*, No. 00-50078 (5th Cir. Dec. 8, 2000) (dismissed appeal as frivolous and prohibited Plaintiff from proceeding IFP in any civil action or appeal brought in a United States Court unless she is under imminent danger of serious physical injury).

*Fleming v. Hamilton*, No. 4:22-CV-378-WS-MJF, 2022 WL 17254351, at *2 (N.D. Fla. Oct. 28, 2022), report and recommendation adopted, No. 4:22CV378-WS/MJF, 2022 WL 17255763 (N.D. Fla. Nov. 28, 2022) (footnote omitted).

1  activity in federal courts over the past decade, in that, as with many of her prior cases, her filings
2  have little basis in law and she repeatedly files motions seeking relief that has already been denied.

**II.     Procedural Background**

Plaintiff commenced this action on or about September 8, 2022, by filing the complaint docketed at ECF No. 1; a letter (ECF No. 2); two motions to proceed *in forma pauperis* (ECF Nos. 3, 6); an emergency motion for an *ex parte* injunction requiring defendant FCI-Dublin Warden Jusino to transfer Plaintiff immediately to home confinement because the conditions at FCI-Dublin could result in Plaintiff suffering a fatal respiratory event, and for a hearing regarding this motion (ECF No. 3); and a supplemental brief in support of her motions to proceed *in forma pauperis* and for a permanent injunction (ECF No. 5). In the following three weeks, Plaintiff filed seven pleadings, motions or other requests, including: an amended complaint; two motions for leave to proceed *in forma pauperis* (ECF Nos. 7, 9); a letter expressing concern about potential retaliation (ECF No. 8); two third-party declarations submitted in support of her request for injunctive relief (ECF No. 10); a first amended complaint (ECF No. 11); and a request for judicial notice of staff assaults on medical inmate-patients, while also alleging that medical care at FCI-Dublin is inadequate, staff engages in abusive and retaliatory conduct, and the prison is incapable of treating lung disease. ECF No. 12.

A month later, Plaintiff filed a fifth motion for leave to proceed *in forma pauperis*. ECF No. 13.

On November 8, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis*, ECF No. 14; and screened the first amended complaint and denied the requests for an emergency injunction and for judicial notice, ECF No. 15. The Court found that the first amended complaint stated the following cognizable claims: (1) defendants Health Services Administrator Park and FCI-Dublin Warden Jusino violated the Eighth Amendment's prohibition on deliberate indifference to inmate health and safety when they failed to remove Plaintiff from FCI-Dublin despite knowing that the conditions at FCI-Dublin – mold, asbestos and bird feces contamination – were exacerbating Plaintiff's respiratory issues and placing her at risk for a fatal asthma attack; and (2) defendant Jusino violated the First Amendment's prohibition on retaliation for engaging in

3

protected conduct when she denied Plaintiff's request to be released to home imprisonment pursuant to the CARES Act in retaliation for Plaintiff meeting with the USAO and FBI regarding the sexual assaults at FCI-Dublin. ECF No. 15 at 5. The Court dismissed the first amended complaint's remaining claims regarding denial of correspondence, denial of access to the courts, and FOIA because these claims violated the joinder requirements set forth in Fed. R. Civ. P. 20(a)(2). The dismissal was without prejudice to Plaintiff raising these claims in separate actions. ECF No. 15 at 5. The Court denied Plaintiff's request for an emergency injunction requiring defendant FCI-Dublin Warden Jusino to transfer Plaintiff immediately to home confinement because *inter alia* the Court lacked authority to order a transfer to home confinement under the CARES Act. As a general matter, all placement determinations, including placement in home confinement pursuant to the CARES Act, are made pursuant to 18 U.S.C. §§ 3621(b), which gives the Bureau of Prisons exclusive authority to determine custody placements, including home confinement. The Court also found that Plaintiff's "evidence" regarding her lung disease and FCI-Dublin's conditions failed to make the "clear showing" required to entitle her to injunctive relief, and that it was unclear whether she would prevail on the merits because there was no indication that she had exhausted administrative remedies for her claim. The Court denied the request for injunctive relief without prejudice and instructed Plaintiff that any renewed motion for injunctive relief must be accompanied by a clear showing as to why she is entitled to injunctive relief and how the Court has the authority to order that relief. ECF No. 15 at 6-8. The Court denied Plaintiff's request for judicial notice because her allegations regarding the staff assaults on medical patients, inadequate medical care, and abusive conduct by staff are outside the scope of this action; and because her allegations regarding the prison's ability to treat lung disease are supported only by her conclusory statement. ECF No. 15 at 8-9.

Plaintiff filed a renewed motion for an emergency *ex parte* temporary restraining order and/or preliminary injunction, and again requested an evidentiary hearing. ECF No. 18. Plaintiff also requested appointment of counsel. *Id.* The Court denied the renewed request for an emergency *ex parte* temporary restraining order and/or preliminary injunction, finding that the renewed motion suffered from the same deficiencies as the initial motion, namely that Plaintiff

4

proffered only her own conclusory statements to establish risk of irreparable harm. ECF No. 22. The requests for an evidentiary hearing and for appointment of counsel were therefore denied as moot. *Id.*

Plaintiff then proceeded to coordinate the filing of more than 30 identical motions to intervene by fellow inmates, which the Court denied in reasoned orders. ECF Nos. 26, 52 (denying ECF Nos. 19-21, 23-25, 27-45, 47-51). The Court found that there was no legal authority requiring or allowing joinder of Plaintiff's fellow inmates in this action. The Court instructed that any future attempted filings from non-parties be returned to the sender. ECF Nos. 26, 52.

Plaintiff's filing history in this action indicates that she repeatedly files motions requesting the same relief that was previously sought and denied; that she conflates conclusory allegations with evidence; and that she does not carefully examine whether there is a legal basis for her motions. In the year that this action has been pending, Plaintiff has filed thirty-two pleadings, many of them repeating arguments that have already been considered by the Court on the merits and denied. Plaintiff's penchant for filing numerous motions that request relief that has been previously denied or lack a legal basis only serve to clutter the record and slow the resolution of any meritorious claims that she may have.

### III. Defendants' Administrative Motion to be Relieved from Responding to Plaintiff's Motions (ECF No. 80)

Defendants have filed a motion for administrative relief pursuant to N.D. Cal. L. R. 7-11 to be relieved of their obligation to respond to Plaintiff's repetitive filings until their pending summary judgment is ruled upon. Defendants argue that Plaintiff has filed numerous repetitive motions seeking the same relief without asserting any new facts of law that indicate that the outcomes of these motions would be any different. *See generally* ECF No. 80. Plaintiff has not responded to this request for administrative relief. The Court agrees that Plaintiff's motions are repetitive and often seek the same relief as sought in prior motions. The Court GRANTS Defendants' request to be relieved of their obligation to respond to Plaintiff's motion. ECF No. 80. If the Court requires briefing from Defendants with respect to a motion filed by Plaintiff, the

5

1  Court will inform Defendants by issuing an order requiring briefing.

**IV.  Plaintiff's Third Request for Preliminary Injunction (ECF No. 60); Request to Expedite Decision on Request for Preliminary Injunction (ECF No. 70)**

Plaintiff has filed a third request for a preliminary injunction. ECF No. 60. In this request, Plaintiff requests that the Court order Defendants to grant her a medical furlough to be seen by Dr. Luis Chug, a pulmonologist in Houston, Texas. Plaintiff alleges that her security level was calculated improperly and that she has the appropriate security level to qualify for a medical furlough; that FCI-Dublin has informed her that they are unable to find local pulmonologists that are unwilling to accept BOP rates of reimbursement, that all the pulmonologists in the area are busy, and that is difficult to get an appointment; that she has a provisional diagnosis of asthma/COPD; that she requires an examination by a pulmonologist because she has symptoms consistent with Hypersensitivity Pneumonitis ("HP") or lung disease, such as a chronic continuous cough with phlegm, shortness of breath, and fatigue; and that her symptoms will worsen if she is not treated. Plaintiff argues that she can demonstrate irreparable harm because Defendants are known for denying adequate medical care to inmates and causing the inmates' deaths, and have even ignored a district court's order, and because she continues to inhale the substances that caused her illness and now worsen her symptoms. Plaintiff argues that the balance of inequities tip in her favor because the parties agree that she needs to see a pulmonologist, she has a legal right to medical treatment, and Defendants are denying the medical treatment solely based on cost considerations. Plaintiff argues that injunctive relief is in the interest of the public because the public is tired of hearing about law enforcement abusing inmates in their custody. *See generally* ECF No. 60. To further support her motion, Plaintiff has attached (1) news articles and emails from inmates regarding health issues allegedly caused by asbestos, mold, and geese excrement; (2) a news article about sexual abuse at FCI-Dublin; and (3) her health records. ECF No. 65.

Defendants oppose this third request for injunctive relief for the following reasons. First, they argue that Plaintiff cannot show a likelihood of success on the merits because, as detailed in Defendants' summary judgment motion, Plaintiff has failed to exhaust administrative remedies for her Eighth Amendment claim, claims for First Amendment retaliation are not actionable under

*Bivens*, and defendant Park is entitled to absolute immunity as a member of the Public Health Service. Second, they argue that Plaintiff cannot show irreparable harm because she has not provided any evidence that she will suffer irreparable harm if she is not allowed to see Dr. Chug; she has not provided any substantive evidence beyond what she provided in her prior requests for injunctive relief, which the Court denied; and she has been seen by an outside pulmonologist, Dr. Monte Wilson, on March 2, 2023, while housed at FCI-Dublin and further care with an outside pulmonologist was ordered. Third, they argue that injunctive relief is not available in a *Bivens* action and that it is unclear how defendants Jusino and Park could effectuate Plaintiff's transfer and release. ECF No. 66; ECF No. 66-1.

In her reply in support of her request for a preliminary injunction, Plaintiff argues that while she saw a pulmonologist in early March 2023, Dr. Williams was unable to do anything during the appointment and instead ordered tests to be done at a Livermore facility, which had not been done as of March 23, 2023. Plaintiff argues that she can show a likelihood of success because she can demonstrate that there is mold and asbestos contamination at FCI-Dublin; Defendants knowingly failed to remove her from these dangerous toxins despite being informed of her medical issues; and Defendants delayed her access to a respiratory illness specialist from August 2022 to March 2023 based on cost concerns. Plaintiff argues that she can demonstrate irreparable harm because she has a provisional diagnosis of Chronic Pulmonary Disorder, asthma, and long COVID, caused by fifteen years of exposure to toxic mold and asbestos in federal prisons; and that the only way she can be effectively treated for her medical issues to is to be immediately removed from these harmful toxins and treated immediately. Plaintiff argues that Defendants will not be harmed by the grant of injunctive relief because she will pay for her treatment and because defendant Jusino has already approved Plaintiff's transfer to home confinement and/or a prison camp. Finally, Plaintiff argues that there is no disservice to the public by granting this injunction because Black Americans are disproportionately affected by COVID-19 and long prison sentences, and she is a Black American being denied adequate medical treatment by the federal government. ECF No. 70.

The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of the court to

7

grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a). Section 3626(a)(2) permits the court to enter a temporary restraining order or preliminary injunction "to the extent otherwise authorized by law" but requires that such an order "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *See* 18 U.S.C. § 3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (noting that such remedies are extraordinary, and not granted as of right). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "The Ninth Circuit weighs these factors on a sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success on the merits'—a preliminary injunction may still issue so long as 'the balance of hardships tips sharply in the plaintiff's favor' and the other two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (emphasis in original)). Even where the balance tips sharply in the plaintiff's favor, however, the plaintiff must still make the threshold showing of likely success on the merits or a serious legal question. *See Leyva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) ("[E]ven certainty of irreparable harm has never entitled one to a stay.") (emphasis in original). In addition, the issuance of a preliminary injunction is at the discretion of the district court. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court denies the issuance of a preliminary injunction requiring Defendants to grant Plaintiff a medical furlough so that she may be treated by Dr. Luis Chug in Houston, Texas, because Plaintiff has not shown that she is likely to suffer irreparable harm in the absence of preliminary relief or that the relief requested is the least intrusive means to address her health

8

1    concerns. The essence of the preliminary relief sought by Plaintiff is examination by a

2    pulmonologist. FCI-Dublin has provided that examinatino. FCI-Dublin arranged for Plaintiff to

3    be examined by an outside pulmonologist, Dr. Monte Wilson, on March 2, 2023. ECF No. 66-1 at

4    5. Although Dr. Wilson was not able to provide treatment at that time, he ordered the testing that

5    would allow him to determine an appropriate course of treatment, and Plaintiff acknowledges that

6    Dr. Chug would also have to order tests before providing treatment. ECF No. 70 at 1. There is no

7    evidence that treatment with Dr. Chug would proceed more quickly than with Dr. Wilson.

8        As with her prior requests for preliminary injunctive relief, Plaintiff has not made a "clear

9    showing" that she is entitled to the relief sought. *Winters*, 555 U.S. at 22 (injunctive relief is a

10   "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

11   to such relief"). Plaintiff offers no evidence that she will suffer irreparable harm if she is not

12   treated solely by Dr. Chug.

13       The Court therefore DENIES Plaintiff's request for preliminary injunctive relief for

14   medical treatment by Dr. Chug and a related medical furlough. ECF No. 60. The Court DENIES

15   as moot Plaintiff's request for an expedited decision on ECF No. 60. ECF No. 70.

16   **V.    Plaintiff's Requests Regarding Placement (ECF Nos. 63, 75, 82)**

17       Plaintiff has filed multiple pleadings that, although they have different titles, again request

18   that the Court intervene in her housing placement, whether the request is for release to home

19   confinement (ECF Nos. 63, 75) or to be retained at FCI-Dublin temporarily (ECF No. 82). As the

20   Court has informed Plaintiff in its November 8, 2022 and November 21, 2022 Orders (ECF Nos.

21   15, 22), the Court cannot dictate Plaintiff's place of confinement because the Bureau of Prisons

22   has exclusive authority to determine custody placements. 18 U.S.C. §§ 3621(b), 3624(c); *see also*

23   *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the

24   BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's

25   imprisonment,' § 3621(b)[.]"); *Smith v. Von Blanckensee*, No. CV 20-4642-JVS (JEM), 2020 WL

26   4370954, at *2 (C.D. Cal. July 2, 2020), *report and recommendation adopted sub nom. Smith v.*

27   *Blanckensee*, No. CV 20-4642-JVS (JEM), 2020 WL 4368060 (C.D. Cal. July 30, 2020).

28

9

**A.     Motion for Court Order Pursuant to the All Writs Act (ECF No. 63)**

In this motion, Plaintiff requests that, pursuant to the All Writs Act, Defendants be (1) ordered to immediately review her request for transfer to home confinement, to be enjoined from seeking the United States Attorney's Office review of her request, and to provide the Court with its decision regarding her request for transfer within seven days of the Court's order; and (2) require Defendants to allow her to see Texas pulmonologist Luis Chug on February 28, 2023, at her own expense, so that she may receive necessary immediate medical treatment. ECF No. 63. Plaintiff states that, in 2022, non-party the United States Department of Justice changed the criteria for transfer to home confinement without notice to require that the inmate obtain the approval of the United States Attorney's Office in the sentencing district for any transfer to home confinement. Plaintiff argues that this new criterion violates the Equal Protection Clause and the Ex Post Facto Clause. *Id.* Plaintiff argues that the All Writs Act is applicable here because the requirement that she obtain the approval of the United States Attorney's Office in her sentencing district intentionally and adversely affects the proper administration of justice because it denies her medical treatment and denies her fair treatment. Plaintiff alleges that Defendants are refusing to allow her to see Dr. Chug because of the cost and because it would expose how Defendants have completely denied Plaintiff medical treatment. *See* ECF No. 74. Defendants oppose this request, arguing that Plaintiff is repeating her request for an order for home confinement, that she has demonstrated that she is entitled to home confinement, and that the Court lacks the power to grant this relief. ECF No. 68.

Plaintiff's request is DENIED for the following reasons.

First, Plaintiff has not satisfied the criteria for seeking relief pursuant to the All Writs Act. Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel.*

*Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted). "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted). Here, the legal rights at issue are not "indisputably clear." This request relies on an entirely different legal claim than the claim raised in this action. This action alleges an Eighth Amendment claim against defendants Park and Jusino regarding whether they were deliberately indifferent to Plaintiff's serious medical needs when they failed to remove her from FCI-Dublin despite being aware that that the conditions at FCI-Dublin were exacerbating her respiratory issues and placing her at risk for a fatal asthma attack. This action does not raise the constitutionality of the requirement that an inmate obtain approval from the United States Attorney's Office in his or her sentencing district for a prison transfer. Moreover, Plaintiff has not cited any legal authority indicating that this approval requirement is unconstitutional. Accordingly, her legal right to be released to home confinement without obtaining approval from the United States Attorney's Office in her sentencing district is not indisputably clear. Also, Plaintiff has not demonstrated critical or exigent circumstances. Although Plaintiff claims exigent circumstances, she again relies on conclusory assertions similar to those she made in her prior motions seeking release to home confinement, namely that she has a lung disease; that she has a cough, headaches, and muscle pains; that her medical problems have worsened; and that FCI-Dublin will not have her see a pulmonologist until they find a pulmonologist willing to accept FOB's reimbursement rate. Given Defendants' evidence that Plaintiff has seen by a pulmonologist while housed at FCI-Dublin, ECF No. 66-1 (March 2, 2023 appointment with Dr. Wilson), Plaintiff's assertions do not establish a "critical or exigent" need for Plaintiff to be released to home confinement.

Second, Plaintiff is attempting to obtain the same relief as she sought in her prior motions for emergency injunctive relief, namely transfer to home confinement. However, instead of requesting that the Court order home confinement, she now requests the Court order that Defendants review her request for home transfer, but ignore the statutory requirements for that relief, including the requirement that they first obtain the approval of the United States Attorney in

the sentencing district. Plaintiff has not identified any authority that would allow this Court to interfere in any fashion with the Federal Bureau of Prison's review of an individual custody placement request.

The Court DENIES Plaintiff's motion for a court order pursuant to the All Writs Act requiring Defendants to immediately review her request for transfer to home confinement and to not seeking the United States Attorney's Office input of her request, to provide the Court with its decision regarding her request for transfer within seven days of the Court's order; and to require Defendants to allow her to see Texas pulmonologist Luis Chug on February 28, 2023. ECF No. 63.

### B. Report of Change in Status & Request for Injunctive Relief (ECF No. 75)

In this motion, Plaintiff requests that, pursuant to the All Writs Act, the Court enjoin the United States Attorney's Office of the Northern District of California from interfering in her transfer to home confinement, and enjoin the Federal Bureau of Prisons and its Residential Re-entry Management Office from consulting with any United States Attorney's Office anywhere when reviewing her transfer to home confinement. ECF No. 75. This is the same request made in ECF No. 63 and DENIED for the same reasons set forth above. ECF No. 86.

### C. Plaintiff's Request to Stay Any Transfer to Another Prison (ECF No. 82)

In this motion, Plaintiff requests that the Court prohibit the Federal Bureau of Prisons from transferring Plaintiff away from FCI-Dublin, pending the resolution of her request for release to home confinement and the resolution of her pending habeas petition, *Fleming v. Jusino*, C No. 23-cv-2149 (NC). ECF No. 82. Plaintiff argues that any transfer away from FCI-Dublin would delay the litigation in this case and in a case she has filed in Florida; that there is a possibility that she will need to appear in a live evidentiary hearing in this case; and that any transfer would threaten her life because COVID-19 continues to be an ongoing threat, especially for Plaintiff because she is immunocompromised. *See generally* ECF No. 85. Defendants oppose this request because (1) the request is premature as there is no approved or pending transfer for Plaintiff; and (2) there is no authority indicating that this Court has the power to dictate Plaintiff's place of confinement. ECF No. 84. As Defendants correctly note and as Plaintiff has been previously informed by this

12

1   Court, the Court has no authority to dictate Plaintiff's place of confinement because the Bureau of

2   Prisons has exclusive authority to determine custody placements.  18 U.S.C. §§ 3621(b), 3624(c).

3   The Court DENIES Plaintiff's request that the Federal Bureau of Prisons be enjoined from

4   transferring her away from FCI-Dublin.  ECF No. 82.

**VI.     Plaintiff's Request that Defendants be Ordered to Serve Her by Email (ECF No. 77)**

Plaintiff requests that Defendants serve her by email so that she may promptly receive and review Defendants' pleadings.  She states that staffing shortages have reduced the likelihood of mail being timely delivered, noting that, in at least one instance, she has received mail two weeks after it was delivered.  ECF No. 77.  Defendants oppose this request, stating that service by U.S. mail is the only method that will allow Defendants to serve complete sets of as-filed papers because the prison e-mail system only supports plain text messages and cannot send attachments, such as as-filed PDFs or exhibits to filings.  Defendants also suggest that Plaintiff's concerns be addressed by an extended briefing schedule.  ECF No. 80 at 2-3.  The Court DENIES Plaintiff's request that Defendants serve her by email.  ECF No. 77.  Given the limitations of the prison's email system, requiring Defendants to serve Plaintiff by both email and U.S. mail will not address Plaintiff's concerns.  If Plaintiff requires additional time to file her responses to Defendants' motion, she may file a request with the Court for an extension of time.

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1.     The Court GRANTS Defendants' request to be relieved of their obligation to respond to Plaintiff's motion.  ECF No. 80.  If the Court requires briefing from Defendants with respect to a motion filed by Plaintiff, the Court will inform Defendants by issuing an order requiring briefing.

2.     The Court DENIES Plaintiff's request for preliminary injunctive relief for medical treatment by Dr. Chug and a related medical furlough.  ECF No. 60.  The Court DENIES as moot Plaintiff's request for an expedited decision on ECF No. 60.  ECF No. 70.

3.     The Court DENIES Plaintiff's motion for a court order pursuant to the All Writs Act requiring Defendants to immediately review her request for transfer to home confinement and

to not seeking the United States Attorney's Office input of her request, to provide the Court with its decision regarding her request for transfer within seven days of the Court's order; and to require Defendants to allow her to see Texas pulmonologist Luis Chug on February 28, 2023. ECF No. 63.  The Court DENIES ECF No. 75 because it seeks the same relief sought in ECF No. 63.  ECF No. 75.  The Court DENIES Plaintiff's request that the Federal Bureau of Prisons be enjoined from transferring her away from FCI-Dublin.  ECF No. 82.

    4.    The Court DENIES Plaintiff's request that Defendants serve her by email.  ECF No. 77.  If Plaintiff requires additional time to file her responses to Defendants' motion, she may file a request with the Court.

This order terminates ECF Nos. 60, 63, 70, 75, 77, 80, 82.

**IT IS SO ORDERED.**

Dated:  September 30, 2023



JON S. TIGAR
United States District Judge