United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RHONDA FLEMING,
Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,
Defendants.

Case No. 22-cv-05082-JST

**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT; DENYING AS MOOT SUMMARY JUDGMENT MOTION AND REQUEST FOR NEW BRIEFING SCHEDULE; RESETTING BRIEFING SCHEDULE; ADDRESSING CERTAIN FILINGS; DIRECTIONS TO CLERK**

Re: ECF Nos. 59, 67, 78, 87, 89

Plaintiff, an inmate housed at Federal Correctional Institution – Dublin ("FCI-Dublin"), has filed a *pro se* action. For the reasons set forth below, the Court GRANTS Plaintiff's request for leave to file a second amended complaint, ECF No. 59; DENIES as moot Defendants' summary judgment motion, ECF No. 67; DENIES as moot Plaintiff's request for a new briefing schedule, ECF No. 78; screens the second amended complaint; and issues a new briefing schedule. This order also addresses ECF Nos. 87, 89.

**DISCUSSION**

**I. Relevant Procedural Background**

On November 8, 2022, the Court screened the first amended complaint. The Court found that the first amended complaint stated the following cognizable claims: (1) defendants Health Services Administrator Park and FCI-Dublin warden Jusino violated the Eighth Amendment's prohibition on deliberate indifference to inmate health and safety when they failed to remove Plaintiff from FCI-Dublin despite knowing that the conditions at FCI-Dublin – mold, asbestos and

bird feces contamination – were exacerbating Plaintiff's respiratory issues and placing her at risk for a fatal asthma attack; and (2) defendant Jusino violated the First Amendment's prohibition on retaliation for engaging in protected conduct when she denied Plaintiff's request to be released to home imprisonment pursuant to the CARES Act in retaliation for Plaintiff meeting with the United States Attorney's Office and the FBI regarding sexual assaults at FCI-Dublin. ECF No. 15 at 5. The Court dismissed the first amended complaint's remaining claims regarding denial of correspondence, denial of access to the courts, and FOIA because these claims violated the joinder requirements set forth in Fed. R. Civ. P. 20(a)(2). The dismissal was without prejudice to Plaintiff raising these claims in separate actions. ECF No. 15 at 5.

**II. Plaintiff's Request for Leave to File a Second Amended Complaint (ECF No. 59)**

Plaintiff has requested leave to file a second amended complaint. She states that the second amended complaint allows her to more accurately present her claims, and that she could not present these claims earlier because she did not file her federal tort claim until July 11, 2022, because she did not have her medical records until recently, and because the 60-day notice to the EPA has expired. ECF No. 59.

Defendants oppose the request for leave to amend. They argue that Plaintiff has failed to exhaust the administrative remedies for her FTCA claim; that her claims against defendant Jusino are barred because her theory of supervisory liability is not actionable under *Bivens* and have not been exhausted as required by the Prison Litigation Reform Act; that her claims against the EPA are futile because she has failed to meet the notice requirements to bring a citizen suit and cannot identify any specific non-discretionary duty that the EPA Administrator failed to carry out; and that the Court has previously dismissed her FOIA claims without prejudice to bringing them in a separate suit. ECF No. 61.

**A. Legal Standard**

The Court applies Rule 15(a) of the Federal Rules of Civil Procedure liberally in favor of amendment and, in general, grants leave freely when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Ninth Circuit has repeatedly instructed that Fed. R. Civ. P. 15 is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316

F.3d 1048, 1051 (9th Cir. 2003) (citations omitted); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given.") (alterations in original, quotation marks and citations omitted). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

An amended complaint supersedes the original pleading. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). Consequently, claims not included in an amended complaint are deemed abandoned, and defendants not named in an amended complaint are no longer subject to suit. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**B. Analysis**

The Court GRANTS Plaintiff leave to file the proposed second amended complaint for the following reasons.

First, it appears that Plaintiff no longer wishes to proceed against Health Services Administrator Park and no longer wishes to bring a First Amendment retaliation claim against defendant warden Jusino. The second amended complaint does not name Health Services Administrator Park and does not re-allege the First Amendment retaliation claim against defendant Jusino that the Court previously found cognizable.

Second, it appears that the proposed second amended complaint's allegation that the United States of America was negligent in allowing Plaintiff to live in unsafe environmental conditions states a cognizable claim under the Federal Tort Claims Act. While it is possible that any FTCA claim is barred by Plaintiff's failure to exhaust administrative remedies for such claim, the Court is reluctant to make a determination regarding exhaustion at the screening stage.

Finally, although Defendants correctly note that there are deficiencies in the proposed

United States District Court
Northern District of California

second amended complaint, these deficiencies are addressed in the screening order below.

Bearing in mind the Ninth Circuit's instruction that Fed. R. Civ. P. 15 is "to be applied with extreme liberality," *Eminence Cap., LLC v.*, 316 F.3d at 1051, the Court GRANTS Plaintiff's leave to file a second amended complaint. The Clerk is directed to separately docket ECF No. 59 at 2-12 as a "Second Amended Complaint."

**III. Screening The Second Amended Complaint**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B. Second Amended Complaint**

The second amended complaint names the following defendants: the United States of America, the United States Office of Special Counsel, the United States Environmental Protection Agency ("EPA"), and Doe FCI-Dublin employees. The second amended complaint makes the following legal claims: (1) the EPA violated its statutory duty to Plaintiff and discriminated against Plaintiff while it failed to respond to Plaintiff's November 5, 2022 request that the EPA

inspect FCI-Dublin for mold, asbestos, and bird feces contamination, in violation of 5 U.S.C. § 7601(1), 33 U.S.C. § 1365(a)(2), 42 U.S.C. 7604(a)(2), 15 U.S.C. § 2601,and 28 U.S.C. § 2201; (2) the United States Office of Special Counsel caused Plaintiff to be denied injunctive relief when it denied Plaintiff's May 2022 FOIA request for documents related to mold and asbestos contamination at FCI-Dublin, in violation of the Freedom of Information Act, 5 U.S.C. § 552, California state law, the Bane Act, and "other laws;" (3) despite knowing that FCI-Dublin is contaminated with toxic mold, asbestos, and bird feces, Warden Jusino and unknown FCI-Dublin employees have failed to protect Plaintiff by transferring her to home confinement and/or remediating toxic mold; have required Plaintiff to walk through bird feces; have required Plaintiff to be attacked by aggressive geese to get to the Food Services building; and caused these dangerous prison conditions by negligently failing to comply with federal and state laws, in violation of the Eighth Amendment and 18 U.S.C. § 4042, and state state-law claims for negligence and intentional infliction of emotional distress; (4) all Defendants have violated the Bane Act by using the administrative remedy process to intimidate, coerce, and threaten Plaintiff by using the administrative remedy process to identify inmates that complain and then threatening these inmates into dropping their requests for medical care, or for a cessation of sexual abuse, or for improvement of dangerous prison conditions; and by making false statements in Plaintiff's medical records; and (5) the United States of America, Warden Jusino, and unknown FCI-Dublin employees violated the Equal Protection Clause, Ex Post Facto Clause, and the Administrative Procedures Act "notice and comment requirement" when they denied Plaintiff transfer to home confinement based on the "heckler's veto" of the sentencing U.S. Attorney's Offices in the Northern District of Texas and the Northern District of Florida. ECF Nos. 59.

**C. Screening Second Amended Complaint**

Liberally construed, the second amended complaint's allegation that defendants Jusino and the United States of America either deliberately or negligently housed Plaintiff in an environment with toxic mold, asbestos, and bird feces; failed to remediate these conditions; and failed to provide Plaintiff adequate medical treatment and/or remove Plaintiff from the toxic environment state a cognizable Eighth Amendment claim against defendant Jusino under *Bivens*, and a claim

under the Federal Torts Claim Act against the United States of America for negligence and/or intentional infliction of emotional distress. *See, e.g.*, *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates Eighth Amendment's proscription against cruel and unusual punishment); *Carlson v. Green*, 446 U.S. 14, 16 n.1, 18-19, 23 (1980) (authorizing prisoners to sue federal officials under *Bivens* for deliberate medical indifference); 28 U.S.C. § 2679(b)(1) ("FTCA") (providing remedy against United States for injury arising or resulting from negligent or wrongful act or omission of any federal employee while acting within scope of his or her office or employment).

The Court further DISMISSES defendant Health Services Administrator Park from this action because the second amended complaint has not named him as a defendant. The Court DISMISSES the First Amendment retaliation claim against defendant Jusino because the second amended complaint does not bring such a claim.

The Court further DISMISSES the Doe defendants and the second amended complaint's remaining claims for the following reasons.

**Doe Defendants**. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because the United States Marshal cannot serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. The Court DISMISSES the Doe defendants without prejudice to Plaintiff seeking leave to amend the operative complaint to add this Doe defendant after she has determined their identities.

**FOIA claim**. The Court DISMISSES the FOIA claim for the same reasons as stated in the order screening the first amended complaint dismissing the FOIA claims raised in that complaint. ECF No. 15 at 4. This dismissal is without prejudice to Plaintiff raising her FOIA claims in a separate action. ECF No. 15 at 4.

**FTCA claims against Warden Jusino.** The United States is the only proper defendant in an FTCA action. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). The Court therefore DISMISSES with prejudice the FTCA claim against defendant Jusino.

**Claims against the EPA.** The second amended complaint does not state any cognizable claims against the EPA. None of the statutory provisions cited by Plaintiff in her cause of action against the EPA – 5 U.S.C. § 7601(1), 33 U.S.C. § 1365(a)(2), 42 U.S.C. 7604(a)(2), 15 U.S.C. § 2601; 28 U.S.C. § 2201 – require the EPA to inspect FCI-Dublin upon receiving a complaint. *See generally* 5 U.S.C. § 7601(1), 33 U.S.C. § 1365(a)(2), 4 2U.S.C. 7604(a)(2), 15 U.S.C. § 2601; 28 U.S.C. § 2201. This dismissal is with leave to amend to correct the identified deficiency if Plaintiff can do so.[1]

**Claims Regarding "Heckler's Veto."** Plaintiff's references to a "heckler's veto"[2] appears to refer to a rule allegedly promulgated by the Federal Bureau of Prisons which requires the prison warden or the inmate to obtain the approval of the United States Attorney's Office of the inmate's sentencing district in order to release the inmate to home confinement.

Plaintiff's claim that the "heckler's veto" violates the Ex Post Facto Clause is DISMISSED with prejudice. In relevant part, the Ex Post Facto clause prohibits the government from enacting laws which "make more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood,* 497 U.S. 37, 52 (1990). Plaintiff was sentenced more than 15 years ago, and the

[1] The Court notes that Fed. R. Civ. P. 20 likely bars Plaintiff from bringing a claim in this action against the EPA for failing to inspect FCI-Dublin for compliance with the Clean Air Act, the Clean Water Act, and/or the Toxic Substances Control Act. Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The question of law underlying the Eighth Amendment and FTCA claims is whether defendants Jusino and the United States of America were aware of that prison conditions posed a substantial risk of serious harm to Plaintiff and failed to take reasonable steps to abate this risk, whereas the question of law underlying the claim against the EPA is whether the EPA has inspection duties that they failed to carry out.

[2] "[T]he 'heckler's-veto' doctrine . . . holds that a regulation of speech is to be deemed content based when 'listeners react to speech based on its content and the government then ratifies that reaction by restricting the speech in response to listeners' objections.'" *Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1292 (9th Cir. 2015) (quoting *Ctr. for Bio–Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 789 (9th Cir. 2008)). Plaintiff's proposed second amended complaint does not pertain to the regulation of speech.

CARES Act, which provides for an inmate's possible release to home confinement to serve the remainder of their sentence, was passed in 2020. That Plaintiff has not received the benefit of the CARES Act did not increase Plaintiff's punishment.

Plaintiff's "heckler's veto" claims must be dismissed for an additional reason. Under 18 U.S.C. § 3582(c)(1)(A), "[a] motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP)." *United States v. Fivecoats*, No. 4:12-CR-297-BLW, 2020 WL 4274565, at *1 (D. Idaho July 24, 2020). Thus, Defendant must first either (1) request compassionate release from the warden of her facility and exhaust all administrative appeals if that request is denied or (2) wait 30 days after making her request if there is no response from the warden). *Wilke v. Von Blanckensee*, No. 20-cv-00282-TUC-CKJ(BGM), 2022 WL 17177699, at *1 (D. Ariz. Nov. 23, 2022). If the warden does not grant Plaintiff's request, she can make a motion for compassionate release in her criminal case. Her remedy does not lie within this civil case. Accordingly, the Court dismisses the Equal Protection Act claim and Administrative Procedures Act claim regarding the "heckler's veto." Dismissal is with prejudice because there are no facts Plaintiff could allege that would remedy these deficiencies.

**18 U.S.C. § 4042 claim.** The 18 U.S.C. § 4042 claim is DISMISSED with prejudice because there is no private right of action pursuant to 18 U.S.C. § 4042 against federal officials in civil rights actions. *Garraway v. Ciufo*, No. 117CV00533DADGSAPC, 2018 WL 1710032, at *3 (E.D. Cal. Apr. 9, 2018), *report and recommendation adopted*, No. 117CV00533DADGSA, 2018 WL 3472546 (E.D. Cal. July 18, 2018) (listing cases); *see also Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) ("[Section 4042] does not impose a duty on any officials who may be responsible to the Bureau of Prisons, and does not establish a civil cause of action against anyone in the event the Bureau's duty is breached.").

**Bane Act.** The Bane Act claim suffers from two deficiencies. First, it is unclear whether the claim is premised on a violation of state law or federal law. The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." *See Venegas v. Cty. of*

*Los Angeles*, 153 Cal.App.4th 1230, 1232 (2007). Section 52.1 "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1). Plaintiff cannot maintain a Bane Act claim under the FTCA if it is solely premised on federal constitutional violations. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims"); *Peralta v. United States*, 475 F.Supp.3d 1086, 1097 (C.D. Cal. 2020) ("Plaintiff cannot maintain a Bane Act claim under the FTCA if it is solely premised on federal constitutional violations"). Second, the factual allegations underlying the claim are vague and conclusory. It is unclear which Defendants abused the administrative remedy process, how and when each defendant abused the administrative remedy process, and how this affected Plaintiff. The second amended complaint refers generally to all Defendants violating the Bane Act, but there is no plausible allegation that the EPA had any involvement in FCI-Dublin's administrative remedy process. The second amended complaint speaks generally of inmates being threatened for their use of the administrative remedy process, but does not specify how Plaintiff was personally affected. Finally, it is unclear what false statements were placed in Plaintiff's medical records and how this is related to a Bane Act violation. The Court DISMISSES the second amended complaint's Bane Act claim with leave to amend to address the deficiencies identified above.

**IV. ECF Nos. 87, 89**

As noted in the Court's September 30, 2023 Order, Plaintiff is a frequent litigant. She has filed numerous cases across the country, and she files numerous pleadings in each of her cases. Plaintiff's filings are often repetitive or have little basis in law. ECF No. 88 at 2-3.

In this action, Plaintiff appears to file pleadings or letters every time she witnesses or experiences an event that she believes violates the Constitution or is otherwise unjust or wrongful. This court, however, is a court of limited jurisdiction. Generally speaking, the Court has jurisdiction only over the parties in this action and can determine liability and order relief only related to the claims in this action. Before liability has been determined, the Court's authority to order the parties to take specific action is limited. Plaintiff is cautioned that filing letters or

United States District Court
Northern District of California

pleadings in this action that are not directly related to the claims raised merely clutters the docket, serves no legal purpose, and will slow the progress of this case.

ECF No. 87 is an "*ex parte* letter" regarding Plaintiff's two cases in the Northern District of California, alleging that prison administrators are subjecting Plaintiff to ongoing retaliation, and physical and emotional abuse; and that prison administrators are failing inmates in numerous ways. ECF No. 87. In ECF No. 89, Plaintiff requests "relief from intimidation and retaliation," alleging that because of the complaints she has filed regarding the conditions at FCI-Dublin, she has subject to acts of retaliation and intimidation in all aspects of prison life. To the extent that Plaintiff is seeking court action with respect to the issues raised in ECF Nos. 87 and 89, the request for court action is DENIED as being outside the scope of this action. This action is proceeding solely on the claim that defendants Jusino and the United States of America have deliberately or negligently housed Plaintiff in an environment with toxic mold, asbestos, and bird feces. Future pleadings requesting relief outside the scope of this action will be summarily denied.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Plaintiff's request for leave to file a second amended complaint. ECF No. 59. The Clerk is directed to separately docket ECF No. 59 at 2-12 as a "Second Amended Complaint."

2. The Court DENIES as moot Defendants' summary judgment motion, ECF No. 67; and DENIES as moot Plaintiff's request for a new briefing schedule, ECF No. 78.

3. The Court finds that the operative complaint states a cognizable Eighth Amendment claim against defendant Jusino under *Bivens* and a cognizable Federal Torts Claim Act claim against the United States of America regarding the conditions of confinement at FCI-Dublin.

4. The Court GRANTS Plaintiff leave to amend her claims against the EPA and her Bane Act claim. If Plaintiff wishes to file a third amended complaint to address the deficiencies identified above, Plaintiff must file a third amended complaint within twenty-eight (28) days of the date of this order. The third amended complaint must include the caption and civil case

United States District Court
Northern District of California

number used in this order, Case No. C 22-05082 JST (PR) and the words "THIRD AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in her third amended complaint all the claim(s) she wishes to present and all of the defendant(s) she wishes to sue, and may not incorporate material from the prior complaint(s) by reference. Failure to file a third amended complaint in accordance with this order in the time provided will result in the second amended complaint remaining the operative complaint, and the action proceeding on the claim(s) found cognizable above and against the defendant(s) identified above. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5. The Court DISMISSES without prejudice Plaintiff's claim that the rule that the United States Attorney's Office in an inmate's sentencing district has veto power over an inmate's request for transfer to home confinement violates the Equal Protection Clause and the Administrative Procedure Act.

6. The Court DISMISSES the remaining claims in the operative complaint and DISMISSES defendants EPA, United States Official of Special Counsel, and the Doe defendants from this action.

7. The Court DISMISSES defendant Health Services Administrator Park from this action and DISMISSES the First Amendment retaliation claim against defendant Jusino.

8. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint with all attachments thereto and a copy of this order upon defendant United States of America at Federal Correctional Institution – Dublin, 5701 8th Street, Unit F, Dublin, CA 94568.[3] A courtesy copy of the operative complaint with attachments and this order shall also be mailed to the United States Attorney's Office for the Northern District of California.

[3] Defendant Jusino has already been served and appeared in this action. ECF Nos. 15, 53.

United States District Court
Northern District of California

9. The Court resets the briefing schedule as follows. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

10. To the extent that Plaintiff is seeking court action with respect to the issues raised in ECF Nos. 87 and 89, the request for court action is DENIED as outside the scope of this action.

This order terminates ECF Nos. 59, 67, 78, 87, 89.

**IT IS SO ORDERED.**

Dated: November 15, 2023



JON S. TIGAR
United States District Judge