UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FLEMING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05082-RFL (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>Dkt. Nos. 111, 114, 116, 117, 118, 119, and 120 |

　　　　Fleming's second motion for a preliminary injunction or temporary restraining order in which she asks to be transferred from Federal Prison Camp-Bryan in Texas where she is currently housed is DENIED for the same reasons her prior such motion was denied. (Dkt. No. 114.) An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). Nor can they plausibly be thought of as the officers, agents, servants, employees, or attorneys of the parties, nor as being in active concert or participation with them. Also, this Court does not have personal jurisdiction over her current jailors, which means it would have no authority to enforce any injunction. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). Furthermore, an injunction must relate to the dispute being litigated, which here is the actions of her former jailors at FCI-Dublin, not the actions of Fleming's current custodians. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a

sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Fleming's citation to *Tiedemann v. von Blanckensee*, 72 F.4th 1001 (9th Cir. 2023), is unavailing. (Dkt. No. 120 at 1.) In *Tiedemann*, the plaintiff's claims were not rendered moot by transfer because he was challenging the same policy (a 300-minute limit on monthly phone calls) that applied at all federal prisons. This is not the situation here. Though Fleming contends that she is experiencing the same conditions that she experienced at FCI-Dublin (exposure to toxic mold and abusive jailors), that does not equate with the system-wide official policy at issue in *Tiedemann*. This same reasoning applies to Fleming's citation to *Nelson v. Heiss*, 271 F.3d 891 (9th Cir. 2001). (Dkt. No. 114 at 2.) <u>If Fleming wishes to challenge her current conditions of confinement she must file suit in the United States District Court for the Southern District of Texas, where she is housed. Any further motions filed in this District for preliminary injunctions or temporary restraining orders regarding her current conditions of confinement will be denied without further explanation for the reasons stated</u>.

Fleming's motion to expedite briefing on her preliminary injunction motion is DENIED as moot. (Dkt. No. 116.) Her motion for reconsideration of the Court's denial of her prior motion for a temporary restraining order, which raises the same arguments addressed above, is DENIED. (Dkt. No. 120.)

A separate order will issue today referring Fleming to the Federal Pro Bono Project and staying the case to allow a search for counsel. Accordingly, Fleming's motion for partial summary judgment (Dkt. No. 117), motion for the appointment of neutral expert to testify regarding toxic mold (Dkt. No. 118), motion to amend her complaint (Dkt. No. 111), and motion to disqualify the U.S. Attorney's Office (Dkt. No. 114) are DENIED without prejudice to renewing them after the stay is lifted. Also, because this order and the order referring plaintiff to the federal pro bono project address

the concerns raised in defendants' motion for a summary judgment motion schedule, defendants' motion is DENIED without prejudice. (Dkt. No. 119.)

The Clerk shall terminate Dkt. Nos. 111, 114, 116, 117, 118, 119, and 120.

**IT IS SO ORDERED.**

**Dated:** August 29, 2024

RITA F. LIN
United States District Judge