UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FLEMING,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 22-cv-05082-RFL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 133 |

On February 10, 2025, Plaintiff Rhonda Fleming sought leave to file a third amended complaint to clarify and support her existing *Bivens* claims and to add a claim against Bureau of Prisons Acting Director Lathrop in his official capacity, to support her existing request for injunctive relief under the Eighth Amendment. (Dkt. No. 133.) For the reasons stated below, Fleming's motion is **GRANTED**. This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit applies this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In deciding to grant leave to amend, a district court should consider the following factors: whether there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Among these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*, 316 F.3d at 1052.

Fleming's motion is timely. She sought leave to file a third amended complaint on February 10, 2025, the deadline to amend her pleadings. Additionally, Fleming was previously proceeding *pro se*. The impetus for her bringing this motion is that she is now represented by counsel, meaning that she now has the benefit of representation to assist her in developing her legal theories and pleading her claims. There is no evidence that Fleming acted in bad faith or with improper motive in waiting to file her motion for leave.

Nor has Fleming repeatedly failed to cure deficiencies identified in prior versions of her complaint. Fleming amended her complaint once as of right and once with leave of court, both while she was proceeding *pro se*. In granting leave to Fleming to file a second amended complaint, the Court found that Fleming's screened complaint sufficiently stated claims under *Bivens* and the Federal Torts Claim Act. (Dkt. No. 90.) Although the Court previously denied Fleming's request to file a third amended complaint (Dkt. No. 111), the Court denied her motion without prejudice to being renewed and her case was referred to the Federal Pro Bono Project. Indeed, the very purpose of appointing counsel in this case was to allow Fleming the opportunity to develop her legal theories with the assistance of counsel.

Granting leave will not prejudice Defendants. This case is in its early stages, and no discovery schedule has yet been set. Defendants contend that allowing amendment would cause them to incur unnecessary costs because Fleming has already been afforded the requested injunctive relief through the final consent decree in *California Coalition for Women Prisoners v. United States Fed. Bureau of Prisons*, Case No. 23-cv-04155-YGR, Dkt. No. 473 (N.D. Cal. Feb. 27, 2025), which applies on a classwide basis. Defendants have not provided a sufficient record for the Court to conclude that Fleming's injunctive relief claim is mooted by that consent decree. The consent decree requires a monitor to report on ongoing medical care issues faced by class members, but leaves open the possibility that Fleming will not receive full relief—for example, because she is entitled to care that the monitor does not find to be required under the consent decree or because she continues to fail to receive the care at issue even with the monitor's ongoing reports showing she needs it.

Finally, futility cannot be established at this juncture, as it is not certain that no set of facts exists to support a valid and sufficient claim for injunctive relief. Though Defendants argue that Fleming's injunctive relief claim was mooted by her transfer from FCI Dublin, Fleming has alleged that she requires injunctive relief to obtain ongoing medical care to address the harm suffered at FCI Dublin.

Based on the foregoing reasons, Fleming's motion for leave to file a third amended complaint is granted. The proposed third amended complaint (Dkt. No. 133-2) will be treated as the operative complaint. The stay previously entered to allow substitution of government counsel is now lifted.

**IT IS SO ORDERED.**

Dated: August 1, 2025.

RITA F. LIN
United States District Judge