DAVID M. TOEPFER
United States Attorney
RENÉE A. BACCHUS (OHBN 0063676)
KIMBERLY LUBRANI (OHBN 0088031)
Assistant United States Attorneys
Acting Under Authority Conferred by 28 U.S.C. § 515

    United States Attorney's Office
    801 W. Superior Avenue, Suite 400
    Cleveland, OH  44113
    Telephone: (216) 622-3707 - Bacchus
    Telephone  (216) 622-3703 - Lubrani
    Fax: (216) 522-4982
    Renee.bacchus@usdoj.gov
    Kimberly.lubrani@usdoj.gov

Attorneys for THE UNITED STATES, THAHEHESA JUSINO, AND WILLIAM W. LOTHROP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RHONDA FLEMING, | No. 3:22-cv-05082-RFL |
| Plaintiff, | REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, et al., | Date: January 27, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 15, 18th Fl. – San Francisco<br>The Honorable Rita F. Lin |
| Defendants. | |

    Defendants United States and William W. Lothrop in his official capacity, by and through undersigned counsel, hereby file their Reply in support of the motion to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, pursuant to Fed. R. Civ. P. 12(b)(1), for the reasons more fully set forth in the Motion to Dismiss (Dkt. 163) and the following Memorandum of Points and Authorities. This motion is made upon the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at any ordered hearing of this motion.

DATE: November 24, 2025                                Respectfully submitted,


|   |   |
|---|---|
| 1 | |
| 2 | David M. Toepfer<br>United States Attorney |
| 3 | |
| 4 | /s/ Renée A. Bacchus<br>RENÉE A. BACCHUS (OHBN 0063676)<br>KIMBERLY LUBRANI (OHBN 0088031) |
| 5 | Assistant U.S. Attorneys |
| 6 | Acting Under Authority Conferred |
| 7 | by 28 U.S.C. § 515 |

David M. Toepfer
United States Attorney

/s/ Renée A. Bacchus
RENÉE A. BACCHUS (OHBN 0063676)
KIMBERLY LUBRANI (OHBN 0088031)
Assistant U.S. Attorneys

Acting Under Authority Conferred
by 28 U.S.C. § 515

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On August 1, 2025, this Court granted Plaintiff Rhonda Fleming ("Fleming") leave to file a Third Amended Complaint ("TAC"). (Dkt. 159, pp. 1-3.) The TAC alleges claims for negligence and intentional infliction of emotional distress against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C.§§ 2671-2680 ("FTCA") (Dkt. 133-2, pp. 17-22), a *Bivens* claim against Defendant Warden Jusino (*id.*, pp. 21-22), and a claim for injunctive relief against the Bureau of Prison ("BOP") Director William Lothrop in his official capacity (*id.*, pp. 22-23).

Defendants, the United States of America and Director Lothrop (collectively "United States"), filed a Motion to Dismiss on August 28, 2025. (Dkt. 163, p. 1.) The United States moved this Court to dismiss Fleming's TAC on the grounds of failure to exhaust the required administrative remedies and mootness. (*Id.*) Fleming filed a Brief in Opposition on September 26, 2025. (Dkt. 167.)

### II. ISSUE PRESENTED

Whether Fleming exhausted the required administrative remedies prior to filing her FTCA claims in District Court?

Whether Fleming's claim for injunctive relief is subject to dismissal on the grounds of mootness and failure to exhaust the administrative remedies required by the Prisoners Litigation Reform Act?

### III. ARGUMENT

**A. Fleming's Tort Claims Should Be Dismissed Because She Failed to Exhaust Her Administrative Remedies under the FTCA Prior to Filing the Claims in District Court.**

Exhaustion of administrative remedies prior to filing a tort claim pursuant to the FTCA is mandatory. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 112-13 (1993). Fleming's TAC does not allege that her SF-95 was presented to the BOP Western Regional Office prior to commencing the FTCA claim. (*See* TAC.) Likewise, in her Opposition, Fleming does establish that the SF-95 was presented to the Western Regional Office, or any BOP Regional Office.

As stated in the United States' Motion to Dismiss, the United States is immune from suit except as it specifically consents to be sued, and the terms of its consent must be strictly construed. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v.*

1  *Sherwood*, 312 U.S. 584, 586 (1941). One term of its consent to be sued is proper presentment of an administrative tort claim. To satisfy the presentment requirement, the claim must be received by the agency as specified. The BOP has set forth that the claim must be received by the Regional Office that encompasses the institution forming the subject of the allegation. (*See* Vickers' Decl. at ¶ 18; 28 CFR § 543.31(b).) In this case, the administrative tort claim must be received by the Western Regional Office.

"[T]he burden is on the Plaintiff to show that the agency received the claim." *Keegan v. United State*, No. C24-0656-KKE, 2025 WL 437924, at *3 (W.D. Wash. Feb. 7, 2025) (citing *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006)). Fleming's TAC does not create a presumption of truth on the issue of presentation of the administrative claim. The TAC alleges Fleming submitted an administrative tort claim to the BOP, and that six months had passed prior to asserting her tort claims in the Second Amended Complaint. (TAC, p. 12, ¶ 50.) However, Fleming's declaration demonstrates that at best, she attempted to mail a tort claim – stating she "submitted it for mailing on July 11, 2022." (Dkt. 170, Fleming Decl., p. 1, ¶ 4.) Mailing an administrative tort claim is not synonymous with presentment. 28 C.F.R. § 14.2(b)(1); *Bailey v. United States,* 642 F.2d 344, 346 (9th Cir. 1981); *Keegan,* 2025 WL 437924, at *3. Fleming has not alleged that the SF-95 allegedly placed in the prison's mail on July 11, 2022, was received by the Western Regional Office. (*See* TAC; Dkt. 168, Br. in Opp'n; Dkt. 170, Fleming Decl.) Instead, Fleming essentially argues that this Court should overturn established Ninth Circuit precedence that the mailbox rule does not apply in this context and create an exception based upon her status as an incarcerated individual and/or her prior unrepresented status.

First, it must be noted that the issue of whether Fleming presented her tort claim to the BOP does not turn on the alleged lack of access to administrative forms. (See Br. in Opp'n, p. 9.) While Fleming alleges she had difficulty receiving administrative grievance forms while at FCI Dublin, citing the findings of Judge Yvonne Gonzalez Rogers in *California Coalition for Women Prisoners*, there was no such finding relative to administrative tort claims. The SF-95 form is available from other sources besides FCI Dublin personnel. (Vickers' Decl., ¶ 17.) Furthermore, the administrative tort claims process does not require the tort claim to be submitted on an SF-95. *See* 28 C.F.R. § 14.2(a)("For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, … an executed Standard Form 95 or other written notification of an

DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS
CASE No. 3:22-CV-05082-RFL                  4

incident, accompanied by a claim for money damages in a sum certain for injury[.]") Last, the SF-95 form attached to the SAC and TAC dated July 11, 2022, clearly demonstrates that Fleming was able to obtain the SF-95 form in sufficient time to pursue her administrative tort claim. Therefore, this Court should disregard Fleming's argument that the alleged lack of availability of grievance forms somehow affected her ability to timely present her administrative tort claim prior to filing the SAC.

Likewise, Fleming's contention that she has presented her claim merely by placing it in the prison system's mail lacks merit. As stated in the United States' Motion to Dismiss, "It is not enough for a plaintiff to merely allege that they mailed the claim form, as no 'mailbox rule' or presumption of receipt applies to the federal government in this Circuit." *Keegan*, 2025 WL 437924, at *3 (citing *Vacek*, 447 F.3d at 1252). The *Vacek* court's ruling was not predicated upon the fact that the plaintiff was represented by counsel or that plaintiff did not submit the administrative tort claim via certified mail. (*See* Br. in Opp'n, pp.8-9.) While the court did indeed state that "[i]t would have taken minimal effort on the part of Vacek's attorney to verify that the claim had been received," *Vacek*, 447 F.3d.at 1252, the court further stated, "If Vacek's attorney had contacted the USPS six months after he first mailed the form . . . [he] could have filed the claim anew." *Id.* at 1253. The same holds true here. Even if Fleming did not have access to certified mail, nothing prevented her from following up with the BOP Western Regional Office via regular mail to verify receipt of her administrative tort claim.[1]

There is no exception to the presentment requirement for inmates or pro se litigants. In *Stewart v. VA Med. Ctr.*, No. 22-cv-04683-AMO, 2024 WL 3823790, at *4 (N.D. Cal. Aug. 13, 2024), the court stated:

> If a plaintiff does not exhaust administrative remedies, the suit is barred. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). This rule holds true for pro se plaintiffs. *Id.* ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Thus, this Court's jurisdiction to hear the instant case is limited by the terms of the United States' consent to suit as outlined by the FTCA.

---

[1] The BOP's policy from the Mail Management Manual, PS 5800.016, effective April 5, 2011, contradicts Fleming's statement that certified mail is unavailable. The policy is publicly available at https://www.bop.gov/policy/progstat/5800_016.pdf, at p. 35.

1  *See also Carr v. Fed. Bureau of Prisons*, No. 2:14-cv-2110, 2015 WL 139708, at *2-3 (E.D. Cal. Jan. 9, 2015)(pro se prisoner's complaint subject to dismissal for failing to satisfy presentment requirement as mailbox rule was not applicable); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (the court may dismiss a pro se complaint for failure to allege presentment jurisdictional pre-requisite); *Ward v. Ives*, No. 2:11-cv-1657, 2014 WL 4417764, at *6 (E.D. Cal.), *report and recommendation adopted by,* 2014 WL 4929454 (E.D. Cal. Sept. 30, 2014); *Pfarr v. United States*, No. 2:18-cv-1710, 2019 WL 498453, at *3 (E.D Cal.), *report and recommendation adopted by,* 2019 WL 5091129 (E.D. Cal. Mar. 28, 2019).

The presentment of the SF-95 cannot be accomplished by attaching it to a complaint as asserted by Fleming. (Br. in Opp'n, p. 10.) The administrative claim must be presented to the appropriate agency *prior* to instituting suit. 28 U.S.C. § 2675. In *Brady v. United States,* 211 F.3d 499 (9th Cir. 2000), the plaintiff alleged she satisfied the administrative claim requirement by virtue of filing the first complaint. The plaintiff asserted that "the service of that *first* judicial complaint on the agency, in 1996, amounted to the presentation of an administrative claim to the agency. . . ." *Id.* at 502. The court stated, "Plaintiff's argument misses the mark. The difficulty with her complaints is . . . she filed them in district court without *first* filing any claim whatsoever with the agency." *Id.* at 503. Similarly, Fleming's tort claims must be dismissed because Fleming filed the SAC before *first* presenting her administrative tort claims to the BOP.

Because Fleming's TAC fails to allege presentment of the administrative tort claim, she does not sufficiently allege that she has satisfied the necessary pre-requisite to maintain a cause of action pursuant to the FTCA. (See Dkt. 133-2, p. 13, ¶ 50.) Simply placing the SF-95 in the prison's mail does not equate to presentment of said claim within the meaning of the statute. It is uncontroverted that the BOP did not receive Fleming's administrative claim at the Western Regional Office. Thus, Fleming has not exhausted the required administrative remedies under the FTCA. Therefore, Counts One and Two of the TAC must be dismissed. 28 U.S.C. § 2675(a).

Finally, although the United States moved the court to dismiss Fleming's tort claims pursuant to Fed. R. Civ. P. 12(b)(6), this Court has authority to dismiss the tort claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The United States hereby moves this Court to dismiss said claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), in the alternative. The defense of lack of subject matter jurisdiction "may be raised at any time, and the Court is obligated

to address the issue sua sponte." *Rivera Ramirez v. United State,* No. CV 17-2757, 2018 WL 6016276, at *2 (C.D. Cal., Nov. 1, 2018) (citing Fed. R. Civ. P. 12(h)(1) (providing for waiver of certain defenses but excluding lack of subject matter jurisdiction); *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment.") (citations omitted); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.") (citation omitted); *See also Gambel v. United States*, No. 22-cv-04647, 2024 WL 714300, at *2 (N.D. Cal. Feb. 21, 2024) ("[J]urisdiction is a fundamental question that must be addressed prior to any consideration of the merits of a case.") (citation omitted). For the reasons stated herein and in Defendant's Motion to Dismiss, this Court lacks subject matter jurisdiction over Fleming's tort claims.

B. <u>Fleming's Claim for Injunctive Relief is Subject to Dismissal.</u>

The Prison Litigation Reform Act of 1995 ("PLRA") states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Fleming failed to comply with the PLRA prior to seeking an injunction in the TAC. Fleming was required to raise the complaint with the institution *within 20 days of the alleged wrong*. 28 C.F.R. § 542.14. After FCI Dublin, Fleming was housed at FPC Bryan, FDC Houston, FTC Oklahoma, and FMC Carswell. While at these institutions Fleming filed 69 administrative grievances on a variety of issues but failed to follow the BOP administrative remedy process on the issue for which she seeks an injunction. By failing to comply with the administrative remedy process while at these institutions, Fleming has deprived each institution the opportunity to remedy any alleged wrong. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) ("Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it discourages "disregard of [the agency's] procedures.") (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992))); *Fuqua v. Ryan*, 890 F.3d 838, 844 (9th Cir. 2018) ("[R]equiring prisoners to exhaust administrative remedies serves important objectives. Administrative appeals alert prison officials to the nature of the wrong for which redress was sought" [and] "allowing them to take corrective action where appropriate." "Exhaustion also allows a prison's administration to address complaints about the program it administers

before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.") (internal quotations and citations omitted.)

The court is permitted to decide at the motion to dismiss stage whether a plaintiff's complaint is subject to dismissal for failure to state a claim for failure to exhaust the administrative remedies required by the PLRA where it is clear from the complaint. *See Lee v. United States*, No. EDCV 12-0487, 2013 WL 3044860, at * 7 (C.D. Cal. June 14, 2013); *Perry v. Cervantes*, No. 1:20-cv-00356, 2020 WL 1182569, at *3 (E.D. Cal), *adopting report and recommendation* 2020 WL 6131246 (E.D. Cal. Oct. 19, 2020) (The court, sua sponte, ordered plaintiff to show cause as to why his complaint should not be dismissed when the face of the complaint did not demonstrate he had complied with the PLRA exhaustion requirements.); *Nichols v. United States*, No. 1:19-cv-1136, 2019 WL 4075117, at *3 (E.D. Cal. Aug. 29, 2019).

In *Perry*, the court's review of the complaint revealed that the plaintiff commenced the action on February 23, 2020; the incident that led to the disciplinary hearing that plaintiff complained of occurred on January 4, 2020; and the actual disciplinary hearing occurred on February 21, 2020. *Perry*, 2020 WL 1182569, at *2. The court stated, "It appears, based on the face of the complaint, that Plaintiff failed to exhaust his available administrative remedies prior to filing his complaint," and sua sponte order the plaintiff to show cause why the action should not be dismissed for failure to exhaust available administrative remedies. *Id.* at *3. Likewise, a review of the TAC reveals that Fleming did not, and could not have, exhausted the PLRA administrative grievance process prior to filing the TAC for any grievances related to conditions of confinement at Federal Medical Center Carswell. (Dkt. 133-2.) Fleming has been housed at FMC Carswell since January 30, 2025; a mere eleven days before the TAC was filed on February 10, 2025. It is virtually impossible to exhaust the administrative remedies process in eleven days, given the amount of time allotted for each step of the grievance process and time necessitated for mailing. *See* 28 C.F.R. § 542.15 for the steps and time limits of the administrative grievance process.

Fleming's opposition acknowledges that her complaints about the availability of administrative grievance forms occurred while at FCI Dublin. (*See* Br. in Opp'n, p. 5-6.) Notably, Fleming declaration does not claim she had difficulty obtaining the necessary grievance forms while housed at any subsequent institution. (*See* Dkt. 170, Fleming Decl.)

DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS
CASE No. 3:22-CV-05082-RFL                     8

Contrary to Fleming's assertion, the United States does not concede that Fleming continues to receive inadequate healthcare. (S*ee* Br. in Opp'n, p. 4.) Quite the opposite. The lack of administrative grievances regarding healthcare filed at BOP facilities where Fleming has been housed after leaving Dublin demonstrates that she is indeed receiving adequate healthcare. (*See* Dkt. No. 163 United States' Mot. to Dismiss, pp. 7-8.) The United States' argument that Fleming's injunctive claims are subject to dismissal is twofold: claims premised upon conditions of confinement at prior institutions are moot because there is no longer a live controversy since Fleming is no longer subject to those conditions, (*id.* p. 6-7), and second, Fleming's claim of ongoing inadequate medical treatment and/or environmental conditions must be dismissed for failure to exhaust the administrative grievance process as required at the current institution, FMC Carswell where she alleges the issues persists. (*Id).* Allowing Fleming to bypass the administrative grievance process at FMC Carswell frustrates the overall goals of the PLRA. The BOP is deprived of the opportunity to remedy the condition prior to being subject to suit. *Fuqua*, 890 F.3d at 844. The United States moves this Court for an Order dismissing Fleming's claim for injunctive relief on the grounds of mootness and failure to exhaust the administrative remedies in compliance with the PLRA.

If this Court holds that the issue of exhaust cannot be decided at this stage of the litigation, the United States moves the Court to limit discovery to the issue of exhaustion before proceeding to the merits. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. Apr. 3, 2014), *abrogated in part on other grounds by, Perttu v. Richards,* 605 U.S. 460 (2025) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit.")

## CONCLUSION

For the foregoing reasons and the reasons stated in the United States' Motion to Dismiss, Fleming tort claims and permanent injunction claims are subject to dismissal for failure to exhaust the required administrative remedies.

DATE: November 24, 2025               Respectfully submitted,

David M. Toepfer

DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS
CASE No. 3:22-CV-05082-RFL                              9

|   |   |
|---|---|
| 1 | United States Attorney |
| 2 | /s/ Renée A. Bacchus |
| 3 | RENÉE A. BACCHUS (OHBN 0063676)<br>KIMBERLY LUBRANI (OHBN 0088031) |
| 4 | Assistant U.S. Attorneys |
| 5 | Acting Under Authority Conferred<br>by 28 U.S.C. § 515 |