UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FLEMING,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | Case No. 22-cv-05082-RFL<br>**ORDER DENYING WILLIAM K. MARSHALL III'S MOTION TO DISMISS**<br>Re: Dkt. No. 200 |

Rhonda Fleming contends that her conditions of confinement violate her Eighth Amendment right against cruel and unusual punishment. Her claim for injunctive relief was previously dismissed with leave to amend. Fleming then filed the operative complaint. William K. Marshall III, Director of the Bureau of Prisons, again moves to dismiss Fleming's injunctive relief claim. For the reasons stated below, Marshall's motion is **DENIED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Sovereign Immunity.*** The Administrative Procedure Act ("APA") broadly "waives sovereign immunity for all non-monetary claims." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017) (citing 5 U.S.C. § 702). The APA only expressly provides for judicial review of "final agency action." 5 U.S.C. § 704. But that requirement "constrains only actions brought under the APA." *Navajo Nation*, 876 F.3d at 1171–72. Accordingly, since Fleming raises a claim under the Eighth Amendment and seeks only injunctive relief, the United States has waived its sovereign immunity against Fleming's claim. *See id.* Fleming did not need to cite the APA in her complaint to rely on this waiver. *See Assiniboine & Sioux Tribes of Fort*

*Peck Indian Rsrv. v. Bd. of Oil & Gas Conservation of State of Mont.*, 792 F.2d 782, 793 (9th Cir. 1986) (rejecting argument that "the Tribe's failure to plead the APA as a jurisdictional basis should preclude us from entertaining the Tribe's action"); *cf. Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (explaining that when evaluating a facial Rule 12(b)(1) motion, a court "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction" (citation omitted)).

Marshall contends that even if Fleming has identified a general waiver of sovereign immunity, 18 U.S.C. § 3621(b) would bar part of her requested relief—an order requiring evaluation for placement in a halfway house or home confinement. But that issue goes to the scope of injunctive relief, which is premature to consider on a motion to dismiss. *See Peterson v. Glad Prods. Co.*, No. 23-CV-00491-TSH, 2023 WL 4600404, at *5 (N.D. Cal. July 17, 2023) (collecting cases).

***Cause of Action.*** Fleming alleges that her conditions of confinement violate the Eighth Amendment. That gives rise to an equitable cause of action for injunctive relief. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015); *Sierra Club v. Trump*, 929 F.3d 670, 694–95 (9th Cir. 2019). Marshall contends that Fleming's claim would necessitate a systemic overhaul of federal prisons. That argument requires an evaluation of the factual record and cannot be determined as a matter of law on the pleadings. And for the reasons previously discussed, it is inappropriate to address at this stage whether Fleming's requested remedies are too broad, including whether they are not "narrowly drawn" and the "least intrusive means necessary to correct the violation" under 18 U.S.C. § 3626(a).

***Availability of Injunctive Relief.*** A plaintiff must allege irreparable harm to invoke a federal court's equitable jurisdiction. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Fleming has done so by alleging a violation of her Eighth Amendment rights. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted). It is beside the point whether she has also alleged the remaining factors for injunctive relief, since those are not pleading requirements.

***Standing to Seek Injunctive Relief and Mootness.*** To have standing to seek injunctive relief for past harm, a plaintiff must allege "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Relatedly, an incarcerated plaintiff's claim becomes moot if they are transferred to a new prison and do not have a reasonable expectation of future harm. *Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015).

Fleming has standing to assert her claim. She alleges that at almost every prison she has been housed in, she has been exposed to hazardous conditions such as asbestos, bird and rodent feces, lead paint, mold, and mildew; and has also been denied proper medical treatment for those conditions. (Dkt. No. 191 ("FAC") ¶¶ 14, 71–74.) Accordingly, it is plausible that the Bureau of Prisons is determining where to house Fleming without regard to her medical conditions. In turn, it is plausible that Fleming will continue to face similar harm. And Fleming also has a reasonable expectation of future harm, as she may well be transferred to yet another prison with allegedly hazardous conditions and insufficient medical care. *See Walker*, 789 F.3d at 1132.

***Cal. Coal. for Women Prisoners Consent Decree.*** "[A] district court may decline to exercise its jurisdiction over a . . . prisoner's claim seeking *systemic* injunctive relief . . . where the allegations and relief sought are duplicative" of another lawsuit that seeks or obtained systemic relief. *Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) (citation omitted). But "where an inmate brings an independent claim for injunctive relief solely on his own behalf . . . , there is no duplication of claims or concurrent litigation." *Id.* Marshall contends that Fleming's claim duplicates the consent decree concerning sexual assault and medical treatment at FCI Dublin, where she was formerly housed. *See generally Cal. Coal. for Women Prisoners v. United States*, 723 F. Supp. 3d 712, 719 (N.D. Cal. 2024) (granting preliminary injunction).

With one exception discussed below, Fleming seeks relief that relates to her alone. (*See, e.g.*, FAC ¶ Prayer for Relief (seeking orders ensuring "Ms. Fleming's living facilities meet constitutionally required standards" and providing "Ms. Fleming a full medical exam"). Accordingly, those portions of her claim are independent and therefore not duplicative. *See*

*Pride*, 719 F.3d at 1137. Moreover, this relief sought by Fleming is not duplicative of the more limited relief provided in *California Coalition for Women Prisoners*. Indeed, that consent decree expressly "leaves open the possibility that Fleming will not receive full relief—for example, because she is entitled to care that the monitor does not find to be required under the consent decree or because she continues to fail to receive the care at issue even with the monitor's ongoing reports showing she needs it." *See Fleming v. United States*, No. 22-CV-05082-RFL, 2025 WL 2201059, at *1 (N.D. Cal. Aug. 1, 2025).

Fleming also requests an order to "fix the broken administrative grievance process . . . including by entering grievances into the SENTRY system upon receipt." (FAC ¶ Prayer for Relief.) That does seek systemic relief. Even so, it is not duplicative of the *California Coalition for Women Prisoners* consent decree. The consent decree only contains one provision addressing the grievance process: a requirement that "Class Members shall be provided with one set of administrative remedy forms upon placement in the [Special Housing Unit] and, per existing policy, Class Members shall also be provided such forms whenever they request them." (*Cal. Coal. for Women Prisoners v. United States*, No. 23-cv-04155-YGR (N.D. Cal.), Dkt. No. 473-1 ¶ 45.) That provision does not address whether, after submitting a grievance, it is properly filed into SENTRY. (*See* FAC ¶ 71(d) & n.28.)

***Administrative Exhaustion.*** The Prison Litigation Reform Act of 1995 requires prisoners to exhaust "available" administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense, and prisoners are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, unless a failure to exhaust is "clear from the face of the complaint," that argument cannot support dismissal under a Rule 12 motion. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), *overruled in irrelevant part*. That is, to allow dismissal, the plaintiff must "plead[] them[self] out of court" by "admit[ting] all the ingredients of an impenetrable defense." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018) (citation omitted).

While it is apparent that Fleming has not exhausted any administrative remedies, she has

not admitted that administrative remedies were available to her. (*See* FAC ¶¶ 75–76.) She alleges that she has been unable to complete the grievance process because of denials of grievance forms, transfers, and failures to log her grievances into SENTRY. (*Id.*) Those circumstances might make administrative remedies unavailable to her. As a result, Fleming has not pled herself out of court, so it is inappropriate to consider exhaustion at this stage. *See, e.g.*, *Gonzalez v. Ahern*, No. 19-CV-07423-JSC, 2020 WL 4368211, at *3 (N.D. Cal. July 30, 2020); *Miles v. Cnty. of Alameda*, No. 22-CV-06707-WHO, 2023 WL 2766663, at *11 (N.D. Cal. Apr. 3, 2023); *Williams v. Buenostrome*, 764 F. App'x 573, 574 (9th Cir. 2019).

On reply, Marshall raised for the first time an alternative request to stay discovery not related to administrative exhaustion to allow that issue to be litigated first. This request is denied without prejudice. Given how long this litigation has been proceeding, and the likely overlap between that exhaustion question and the merits, such a stay would appear ill-advised. In any case, any such stay request must be brought via a separate motion, not raised in a reply brief for a motion to dismiss without an opportunity for Fleming to respond.

***Conclusion.*** Marshall's motion to dismiss is **DENIED**. An answer is due by **September 30, 2026** pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: September 16, 2026

RITA F. LIN
United States District Judge